# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of ) | **FILED** |
| ) | Sep 10, 2020 |
| USPS Priority Mail Express Parcel, EE 403 136 459 US, ) | CLERK, U.S. DISTRICT COURT |
| addressed to "Robert Clark 2213 B. Del Paso Blvd Box ) | EASTERN DISTRICT OF CALIFORNIA |
| #147 Sacramento CA 95815" ) | |

Case No.   2:20-sw-0835-CKD

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A-1, attached hereto and incorporated by reference.**

located in the   Eastern   District of   California   , there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 843(b), and 846 | Distribution, and possession with intent to distribute, a controlled substance<br>Illegal use of the mails in furtherance of narcotic trafficking<br>Attempt and conspiracy to commit the foregoing offenses |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☑ Continued on the attached sheet.

☐ Delayed notice _____ days (give exact ending date if more than 30 _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/

*Applicant's signature*

Ariana Ramirez, US Postal Inspector

*Printed name and title*

Sworn to before me and signed telephonically.

Date:   9/10/2020 at 4:39 pm

*Judge's signature*

### Affidavit of Postal Inspector Ariana Ramirez

I, Ariana Ramirez, being duly sworn, hereby depose and state:

### Purpose

1. This Affidavit is made in support of search warrants for the following United States Postal Service ("USPS") Priority Mail Express Parcels:

    a. USPS Priority Mail Express Parcel, EE 403 136 459 US, addressed to "Robert Clark 2213 B. Del Paso Blvd Box #147 Sacramento CA 95815" ("**PARCEL 1**").

    b. USPS Priority Mail Express Parcel, EE 403 136 445 US, addressed to "Robert Wilson 2213 B. Del Paso Blvd Box #147 Sacramento CA 95815" ("**PARCEL 2**").

   For the purposes of this Affidavit, **PARCEL 1 & PARCEL 2** will be referred to collectively as **THE PARCELS.**

2. **THE PARCELS** are in the temporary custody of the United States Postal Inspection Service ("USPIS") and are described more particularly in Attachments A-1 and A-2, which are attached hereto and fully incorporated herein by reference.

3. Based on the information provided in this affidavit, I believe there is probable cause to believe that **THE PARCELS** contain evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. § 841(a) (1) (distribution, and possession with intent to distribute, a controlled substance), 21 U.S.C. § 843(b) (illegal use of the mails in furtherance of narcotic trafficking), and 21 U.S.C. § 846 (attempt and conspiracy to commit the foregoing offenses). The evidence, fruits, and instrumentalities to be searched for and seized are more fully described in Attachment B, which is attached hereto and incorporated fully herein.

### Agent Background

4. I am a Postal Inspector with the United States Postal Inspection Service ("USPIS"), currently assigned to the Sacramento Domicile, San Francisco Division. I have been a Postal Inspector since May 2015. My current assignment is to investigate the unlawful transportation of contraband, including controlled substances and proceeds of the sale of controlled substances through the United States ("U.S.") Mail.

5. I have undergone twelve weeks of Postal Inspector Basic Training in Potomac, Maryland. This training involved the investigation of mail theft, identify theft, drug trafficking, burglaries, robberies, money laundering, robbery and burglary of postal

1

facilities, destruction of government property, theft/possession of stolen U.S. Mail, mail and bank fraud, and identity theft crimes.  Through my training, experience, and interaction with other experienced Postal Inspectors, Task Force Officers, and other drug trafficking investigators, I have become familiar with the methods employed by drug traffickers to smuggle, safeguard, store, transport, and distribute drugs; to collect and conceal drug-related proceeds; communicate with other participants to accomplish such objectives, and the manner in which drug traffickers use the mail to conduct their illegal operations.

6.  I am a "Federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a federal law enforcement agent engaged in enforcing criminal laws and authorized to request a search warrant.

7.  The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This Affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## Statement of Probable Cause

**A.**   **Parcel Identification**

8.  On August 27, 2020, law enforcement conducted a check of the United States Postal Service ("USPS") parcels records and databases.  During the records and database checks, law enforcement identified **THE PARCELS**, which were shipped out of Fort Lauderdale, FL.  **THE PARCELS** were identified for further investigation. **THE PARCELS** were destined to the same address located in Sacramento, CA. Based on my training and experience, I am aware the state of California, including the city of Sacramento, are a source for illegal narcotics shipments; that the state of Florida is a destination for illegal narcotics shipments from Northern California; and that proceeds from these illegal narcotic shipments are often mailed back to the state of California.

9.  Law enforcement observed several anomalies that their training and experience have shown are characteristics of parcels containing controlled substances and/or proceeds of narcotics trafficking.  Specifically, **THE PARCELS** were sent via Priority Mail Express with associated tracking numbers.  Tracking numbers allow the sender, recipient, or anyone else with the tracking number to identify the parcel's location in the mail stream at any point from mailing to delivery.

10. **THE PARCELS** do not have the "Signature Required" box checked on the mail label. Leaving this box unchecked, indicates the sender wants the package to be delivered regardless of whether the recipient is home or present at the time of delivery. Based on my training and experience, this is sometimes a tactic used to prevent law enforcement from determining the actual identity of the parcel recipient.

11. **THE PARCELS** were observed to be heavily taped, which is a common tactic employed by persons who traffic narcotics. Based on my training and experience and the training and experience of law enforcement officers with whom I have consulted, I know this is done to attempt to mask the odor of narcotics or contaminated narcotics proceeds emanating from the parcel.

12. **THE PARCELS** were observed to be similar in size and mailed from two different Post Offices in Fort Lauderdale, FL. The handwriting on **THE PARCELS** appear to be similar. **THE PARCELS** have the same return addresses, but are addressed to two different names. Additionally, **THE PARCELS** are addressed to the same address "2213 B. Del Paso Blvd Box #147 Sacramento CA 95815." However, the listed recipient names of the recipient are different. **PARCEL 1** is addressed to "Robert Clark." **PARCEL 2** is addressed to "Robert Wilson." Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics/narcotics proceeds through the U.S. Mail often ship multiple parcels to the same address with different names to minimize the risk of loss or seizure by law enforcement.

13. A search of the return address on **PARCEL 1,** "Jessica Walker 3429 NW 44th St lauderdale lakes FL 33309" was conducted using Thomson Reuters CLEAR, an online public and proprietary records database used to verify names and addresses. This search indicated this to be a true address. However, no person named "Jessica Walker" associates to this address. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics/narcotics proceeds through the U.S. Mail often provide fictitious names/addresses to remain anonymous to law enforcement.

14. A search of the return address on **PARCEL 2,** "Regina Calloway 3429 NW 44th St lauderdale lakes FL 33309" was also conducted using Thomson Reuters CLEAR. This search confirmed this to be a true address. However, no person named "Regina Calloway" associates to this address. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics/narcotics proceeds through the U.S.

Mail often provide fictitious names/addresses to remain anonymous to law enforcement.

15. A search for the intended recipient address for **PARCEL 1**, "Robert Clark 2213 B. Del Paso Blvd Box #147 Sacramento CA 95815" was conducted using Thomson Reuters CLEAR. That search showed the recipient address to be a Commercial Mail Receiving Agency ("CMRA"). Law enforcement contacted the CMRA and received a copy of the application on file for the private mail box ("PMB") belonging to PMB #147. The application on file listed "Alanzo Payne" as having begun renting PMB #147 on February 10, 2020. The address listed for Alanzo Payne, on the application, is 3429 NW 44TH ST Lauderdale Lakes, FL 33309. The application listed a telephone number ending in -1388 for Alanzo Payne. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics through the U.S. Mail often utilize CMRA private mail boxes in furtherance of their illegal activities in an effort to dissociate themselves from a physical address and to remain anonymous to law enforcement.

16. A search for the intended recipient address on **PARCEL 2**, "Robert Wilson 2213 B. Del Paso Blvd Box #147 Sacramento CA 95815" was conducted using Thomson Reuters CLEAR. Per CLEAR, the search showed the recipient address to be a CMRA. Law enforcement contacted the CMRA and received a copy of the application on file for PMB #147. The application on file listed "Alanzo Payne" as having begun renting PMB #147 on February 10, 2020. The address listed for Alanzo Payne, on the application, is 3429 NW 44TH ST Lauderdale Lakes, FL 33309. The application listed the same telephone number ending in -1388 for Alanzo Payne. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics through the U.S. Mail often utilize CMRA private mail boxes in furtherance of their illegal activities in an effort to dissociate themselves from a physical address and to remain anonymous to law enforcement.

B. **Narcotic Detection Canine Sniff**

17. On August 28, 2020, Task Force Officer ("TFO") David Moranz used his narcotic-detection trained canine named "Farley" to sniff **THE PARCELS**. At the time, **THE PARCELS** were located at the USPIS Sacramento Domicile. Prior to conducting the sniff of **THE PARCELS**, the area where Farley was to conduct the test was proofed by TFO Moranz. Farley did not give a positive alert to the presence of an odor of narcotics in the area.

18. **PARCEL 1** was then placed among other office equipment and parcels by Postal Inspectors. At approximately 10:58 hours, TFO Moranz and Farley conducted a search of the area and Farley positively alerted to the presence of a narcotic odor emanating from **PARCEL 1**.

19. Then **PARCEL 2** was placed among other office equipment and parcels by Postal Inspectors. At approximately 11:04 hours, TFO Moranz and Farley conducted a search of the area and Farley did not positively alert to the presence of a narcotic odor emanating from **PARCEL 2**. Based on my training and personal experience, I am aware of several circumstances, which if done properly, might deter a narcotics detecting canine from alerting on the odor of controlled substances on or within a mailed article. Drug mailers will use various strong scented materials as masking agents, such as coffee, mustard, fabric softener, baby powder, etc. Drug mailers will also take measures to avoid contaminating the mailing parcel with any narcotic residue by using gloves and packaging the suspect box away from other narcotics. The interior container in the suspect box will be exceptionally well-sealed and/or the controlled substances or proceeds from the sales of controlled substances will be vacuum- sealed so as to preclude a successful narcotic detecting canine examination.

20. TFO David Moranz has been a full-time sworn peace officer in the State of California since 1992 and is employed with the City of Citrus Heights Police Department ("CHPD") as a detective. TFO Moranz has worked for CHPD for over eleven (11) years. Currently, TFO Moranz is assigned to the United States Postal Inspection Service, Narcotics Enforcement and Criminal Investigations (NECI) Task Force at the Sacramento Domicile of the San Francisco Division. Task Force duties involve the investigation of the unlawful transportation of contraband, including controlled substances and drugs proceeds, through the United States Mail.

21. On September 1, 2018, TFO Moranz was assigned Farley. Farley is a Labrador Retriever selected from a specialty trainer in Lincoln, California. Farley was born in September 2016. Farley is a single-purpose working canine, trained in the area of narcotics detection under the instruction of Greg Tawney, owner/operator of D-Tac K9 Detection and Tactics, Placerville, California. Greg Tawney is a retired police sergeant with the Elk Grove Police Department and has over 15 years of experience with police canines and is a POST canine Certifier. Farley and TFO Moranz have no less than 120 hours of specialized training from D-Tac K9 Detection and Tactics in the detection of marijuana, cocaine, heroin, and methamphetamine. Farley and TFO Moranz completed POST required training and was POST certified by Sutter County Sheriff's Deputy Middleton on November 21, 2018, as being proficient in the detection of narcotic substances in high, low, and buried locations. On December 4, 2019, TFO Moranz and Farley completed/passed POST required annual certification via D-Tac K9 Detection as being proficient in the detection of narcotic substances from buildings, vehicles and area searches. On February 12, 2020, TFO Moranz and Farley completed/passed annual California Narcotics Canine Association ("CNCA") as being proficient in the detection of narcotics substances from buildings and vehicles. The POST required annual certification and CNCA certification included

5

the detection of cocaine, heroin, methamphetamine and marijuana. Training is ongoing for TFO Moranz and Farley. TFO Moranz is a member of the California Narcotics Officers Association, the Western States Police Canine Association, and CNCA. TFO Moranz has attended courses, conferences, and practical hands-on canine training with these organizations.

22. Farley's alert consists of physical and emotional state, pawing, or a deliberate sit at the area or object he smells the drug odor coming from. Farley has successfully completed training exercises where known controlled substances, containers, or paraphernalia were hidden, to include parcels, the interior and exterior of motor vehicles, and storage lockers. Farley also conducts regular proofing exercises to ensure that he does not alert to regular, non-narcotics-associated odors including food, plastic bags, postal boxes, and wrap, tape, and other items. Proofing is a method used in training to ensure the canine alerts only to the odors for which it is trained to alert. Farley has also been proofed using circulated and non-circulated U.S. currency. Drug proceeds that have been recently subjected to, or stored with, one of the narcotic substances Farley is trained to detect will be grossly contaminated. This odor, in residual form (billionths of a gram), is present on everyday circulated currency but not in the amount Farley has been trained to detect.

23. Therefore, it is the opinion of TFO Moranz that based on Farley's alert, **PARCEL 1** contain drugs, paraphernalia or currency that has been recently subjected or stored with one of the narcotics substances Farley is training to detect and is thus contaminated. This odor, in residual form (billionths of gram), is present on everyday circulation but not in the amount Farley has been trained to detect.

**C.    Additional Investigation**

24. On August 28, 2020, law enforcement called the telephone number listed on the application for CMRA PMB # 147, the intended recipient address of **THE PARCELS** and listed for "Alanzo Payne." The telephone line was not accepting calls.

25. On August 28, 2020, law enforcement called a telephone number acquired via Thomson Reuter's CLEAR for "Alanzo Payne" the applicant of the CMRA PMB #147, the intended recipient address of **THE PARCELS**. The telephone number was not a working one.

26. On August 28, 2020, law enforcement called a second telephone number acquired via Thomson Reuter's CLEAR for "Alanzo Payne." The telephone number was busy and law enforcement could not get through.

6

27. On August 28, 2020, law enforcement called a third telephone number acquired via Thomson Reuter's CLEAR for "Alanzo Payne." The telephone number was not in use.

28. On August 28, 2020, law enforcement called a fourth telephone number acquired via Thomson Reuter's CLEAR for "Alanzo Payne." The telephone number was not receiving calls.

**D.   Methods and Means of Using the United States Mail**

29. Based on my experience, training, and discussions with other law enforcement officers experienced in drug investigations, I know that certain indicators exist when persons use the United States Mail to ship controlled substances from one location to another. Indicators for parcels that contain controlled substances and/or proceeds from controlled substances include, but are not limited to, the following:

    a. It is common practice for shippers of the controlled substances to use Express Mail and Priority Mail because the drugs arrive at the destination more quickly and on a predictable date. Express Mail and Priority Mail, when paired with a special service such as delivery confirmation, allow traffickers to monitor the progress of the shipment of controlled substances. Traffickers pay for the benefit of being able to confirm the delivery of the parcel by checking the Postal Service Internet website and/or calling the local post office.

    b. Packages containing controlled substances or proceeds have, in many instances, a fictitious return address, incomplete return address, no return address, a return address that is the same as the addressee address, or a return address that does not match the place from which the parcel was mailed. These packages are also sometimes addressed to or from a commercial mail receiving agency (*e.g.*, Mail Boxes Etc.). A shipper may also mail the parcel containing controlled substances from an area different from the return address on the parcel because: (1) the return address is fictitious or (2) the shipper is attempting to conceal the actual location from which the parcel was mailed. These practices are used by narcotics traffickers to hide from law enforcement officials the true identity of the persons shipping and/or receiving the controlled substances or proceeds.

    c. Individuals involved in the trafficking of controlled substances through the United States Mail will send and receive Express or Priority mailings on a more frequent basis than a normal postal customer. Drug traffickers use Express Mail and Priority Mail at a higher rate due to their frequent exchanges of controlled substances and the proceeds from the sale of these controlled substances.

    d. In order to conceal the distinctive smell of controlled substances from narcotics detection dogs, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all seams. In addition, the parcels often contain other smaller parcels which are carefully sealed to prevent the escape of odors.  Perfumes, coffee, dryer sheets, tobacco, or other substances with strong odors are also sometimes used to mask the odor of the controlled substances being shipped.  Drug traffickers often use heat/vacuum sealed plastic bags, and/or re-sealed cans in an attempt to prevent the escape of orders.

    e. California is typically a source state for drugs, especially marijuana.  It is common for individuals in California to mail parcels containing narcotics to other states and then receive mail parcels containing cash payments in return.

30. Based on my training and experience, I know that parcels shipped by drug traffickers sometimes contain information and documentation related to the sales and distribution of controlled substances.  The documentation can include, but is not limited to, information and instructions on the breakdown and distribution of the controlled substances at the destination; information on the use and effects of the various controlled substances; information about the actual sender; pay/owe sheets; and information and instructions for ordering future controlled substances.

31. Drug traffickers who use the United States Mail and other carriers as a means of distributing controlled substances, paraphernalia, and proceeds, and as a means of communicating with co-conspirators often include the following in parcels relating to their trafficking activity, all of which are evidence, fruits, proceeds, and/or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846

    a. Controlled substances, including heroin, cocaine, methamphetamine, and marijuana.

    b. Packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

    c. Records reflecting the mailing or receipt of packages through Express Mail, Priority Mail, Federal Express, UPS or any other common carrier.

    d. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including financial records related to the laundering of illicitly obtained monies and/or other forms of assets, including

        United States currency acquired through the sales, trafficking, or distribution of controlled substances.

e. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

f. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

g. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.

## Conclusion

32. Based on the facts set forth in this Affidavit, I believe there is probable cause that evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846 are concealed in **THE PARCELS**. Accordingly, I respectfully request the issuance of search warrants authorizing the search of **THE PARCELS** (as described in Attachments A-1 and A-2), and the seizure of the items described in Attachment B.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

/s/
_____

Ariana Ramirez
United States Postal Inspector

Sworn and Subscribed to me telephonically on September __10__, 2020:

_____
Hon. Carolyn K. Delaney
United States Magistrate Judge

Approved as to form:

_____
Quinn Hochhalter, Assistant U.S. Attorney

9

## **ATTACHMENT A-1**

### *Property to be searched*

**PARCEL 1 –** One Priority Mail Express Parcel, affixed with tracking number EE 403 136 459 US, measuring approximately 15-5/8" x 12-1/2" x 3" and weighing approximately 3 pounds 9 ounces.  **THE PARCEL** is addressed to "Robert Clark 2213 B. Del Paso Blvd Box #147 Sacramento CA 95815" with a return address of "Jessica Walker 3429 NW 44th St lauderdale lakes FL 33309."  **THE PARCEL** bears a postage label with meter number 977000821150046 in the amount of $64.50 mailed from ZIP Code 33310 on 08/21/20, located in the upper right of **THE PARCEL.**

**THE PARCEL** is currently in my possession in the Eastern District of California.

## **ATTACHMENT A-2**

### *Property to be searched*

**PARCEL 2 –** USPS Priority Mail Express Parcel measuring, affixed with tracking number EE 403 136 445 US, approximately 15-5/8" x 12-1/2" x 3" and weighing approximately 1 pounds 8 ounces. **PARCEL 2** is addressed to "Robert Wilson 2213 B. Del Paso Blvd Box #147 Sacramento CA 95815." The return address on **PARCEL 2** is "Regina Calloway 3429 NW 44th St lauderdale lakes FL 33309." **PARCEL 2** bears a postage strip with meter number R2304E106737-3 in the amount of $50.85 mailed from ZIP Code 33319 on AUG 27, 20 located in the upper right of **PARCEL 2**.

**PARCEL 2** is currently in my possession in the Eastern District of California.

11

## **ATTACHMENT B**

### *List of Items to be Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of violations of 21 U.S.C. §§ 841(a) (1), 843(b), and 846.

i. Controlled substances of any kind, including but not limited to heroin, cocaine, methamphetamine, and/or marijuana.

ii. Packing, packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

iii. Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or any other common carrier.

iv. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including any and all financial records to facilitate the investigation of the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

v. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

vi. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

vii. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

| In the Matter of the Search of | ) |
| --- | --- |
| USPS Priority Mail Express Parcel, EE 403 136 459 US, addressed to "Robert Clark 2213 B. Del Paso Blvd Box #147 Sacramento CA 95815" | ) ) ) ) ) ) |

Case No.  2:20-sw-0835-CKD

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Eastern     District of     California    
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A-1, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before     September 24, 2020     *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for      days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of                      .

Date and time issued:    9/10/2020 4:39 pm            *[signed] Carolyn K. Delaney*
                                                           *Judge's signature*

City and state:     Sacramento, California              Carolyn K. Delaney, U.S. Magistrate Judge
                                                           *Printed name and title*

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____   _____
Signature of Judge                                                    Date

## **ATTACHMENT A-1**

### *Property to be searched*

**PARCEL 1 –** One Priority Mail Express Parcel, affixed with tracking number EE 403 136 459 US, measuring approximately 15-5/8" x 12-1/2" x 3" and weighing approximately 3 pounds 9 ounces.  **THE PARCEL** is addressed to "Robert Clark 2213 B. Del Paso Blvd Box #147 Sacramento CA 95815" with a return address of "Jessica Walker 3429 NW 44th St lauderdale lakes FL 33309."  **THE PARCEL** bears a postage label with meter number 977000821150046 in the amount of $64.50 mailed from ZIP Code 33310 on 08/21/20, located in the upper right of **THE PARCEL.**

**THE PARCEL** is currently in my possession in the Eastern District of California.

## ATTACHMENT B

### *List of Items to be Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of violations of 21 U.S.C. §§ 841(a) (1), 843(b), and 846.

i. Controlled substances of any kind, including but not limited to heroin, cocaine, methamphetamine, and/or marijuana.

ii. Packing, packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

iii. Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or any other common carrier.

iv. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including any and all financial records to facilitate the investigation of the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

v. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

vi. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

vii. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.